UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 3:16-cr-68-MMH-MCR

SHAQUANA QUENELLA
BROOKINS

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

## ORDER

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

Defendant Shaquana Quenella Brookins is a 37-year-old inmate incarcerated at Tallahassee FCI, serving a 420-month total term of imprisonment for sex trafficking by force, fraud, or coercion, conspiracy to manufacture and distribute 28 grams or more of cocaine base, and possession of a firearm by a convicted felon. (Doc. 76, Amended Judgment.) According to the Bureau of Prisons (BOP), she is scheduled to be released from prison on April 2, 2046. Brookins seeks compassionate release because of the Covid-19

virus and because she has hypertension, asthma, and obesity. She also alleges that her sentence is disparate, that a "worse" defendant received compassionate release in <u>United States v. Cecil Jackson</u>, No. 3:90-cr-85-MOC-1, 2021 WL 2227333 (W.D.N.C. Jun. 2, 2021), and that a sex trafficking victim recanted her testimony. (Doc. 95, Motion for Compassionate Release; Doc. 95-5, Memorandum.) Brookins also moves for the appointment of counsel. (Doc. 96, Motion to Appoint Counsel.) The United States responds that Brookins has not shown extraordinary and compelling circumstances, that she is a danger to the public, and that the § 3553(a) factors do not support a sentence reduction. (Doc. 98, Response.) Brookins filed a reply (Doc. 99), although a party may not file a reply as a matter of right and Brookins did not request leave to do so. M.D. Fla. Local Rule 3.01(d).

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One of those exceptions is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit instructs that U.S.S.G. §

2

1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").[1]

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

---

[1]  Application Notes 1(A) through 1(C) provide that a terminal illness or a serious medical condition, old age, and certain family circumstances qualify as extraordinary and compelling reasons. Application Note 1(D) provides that extraordinary and compelling reasons exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Bryant, 996 F.3d at 1248.

3

A movant under § 3582(c)(1)(A) must prove that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And as the Third Circuit has observed, COVID-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Brookins has not shown extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Brookins states that she has hypertension, obesity, and asthma, which increase her risk of severe illness or death were she to contract COVID-19. According to the Centers for Disease Control (CDC), these conditions can increase the risk of severe illness from Covid-19.[2] That said, Brookins's conditions do not rise to the level of "extraordinary and compelling reasons" under § 1B1.13, cmt. 1. Brookins's conditions are fairly commonplace, and she points to no evidence that her conditions are terminal illnesses or that they

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

4

"substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. 1(A). Brookins is relatively young at age 37, she has twice contracted COVID-19 already (see Doc. 95-1, Def. Ex. A), and her BOP records reflect that she is a stable Care Level 2 inmate (Doc. 95-4, Def. Ex. D at 2). Although she claims to have a loss of smell and occasional difficulty breathing as a result of COVID-19, she provides no evidence to support these claims, her breathing difficulties are equally consistent with having asthma (as opposed to "long COVID"), and according to her own submissions, these conditions would not prevent her from working if released. See Def. Ex. A. And according to BOP data, no inmates or staff at Tallahassee FCI currently have COVID-19.[3] Under the circumstances, the COVID-19 virus and Brookins's medical conditions are not "extraordinary and compelling reasons" for a sentence reduction.

Brookins also argues that her sentence is disparate, that other defendants have received compassionate release[4], and that a sex trafficking

---

[3] https://www.bop.gov/coronavirus/. (Last visited December 16, 2022).

[4] Notably, in the case cited by Brookins involving a grant of compassionate release, the defendant had served more than 30 years of his prison sentence before being granted a sentence reduction. Jackson, 2021 WL 2227333, at *1. Although his crimes were violent, he had not been convicted of sex trafficking by force, fraud, or coercion. Id. Further, the court that granted that motion, the Western District of North Carolina, sits in the Fourth Circuit, which holds that U.S.S.G. § 1B1.13 does not limit a district court's discretion to grant compassionate release motions filed by defendants. United States v. McCoy, 981 F.3d 271, 281–83 (4th Cir. 2020). In contrast, § 1B1.13 remains binding in the Eleventh Circuit. Bryant, 996 F.3d at 1247–49.

victim recanted her testimony. To support the assertion that a sex-trafficking victim recanted, Brookins submits only unsworn and unverified emails from a woman named C.F., who was not one of the victims Brookins was convicted of trafficking for sex (those victims being D.C. and J.V.). (Doc. 95-2, Def. Ex. B; Doc. 95-3, Def. Ex. C; see also Doc. 40, Plea Agreement at 23–26; Doc. 57, Presentence Investigation Report ["PSR"] ¶¶ 20–30.) Besides, none of these assertions falls within the policy statement's definition of "extraordinary and compelling reasons." See U.S.S.G. § 1B1.13, cmt. 1. Nor has the BOP Director determined that "extraordinary and compelling reasons" exist in Brookins's case. Because "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons,'" Bryant, 996 F.3d at 1249, these arguments cannot support relief.

In any event, Brookins is a danger to the public and the sentencing factors under § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Within months of being released from a prior term of imprisonment, Brookins began trafficking in crack cocaine, heroin, and flakka, and routinely carried firearms for protection or intimidation. PSR ¶ 20. At the same time, she exploited the drug addictions of two victims—D.C. and J.V.—and used threats, violence, and force to coerce them to engage in commercial sex acts. Id. ¶¶ 21–30. Before committing these offenses, Brookins

6

had a lengthy criminal history, which included prior convictions for grand theft auto, the sale or delivery of cocaine, and possession of a firearm by a convicted felon. Id. ¶¶ 70–87. Brookins has served only a small fraction of her 420-month sentence for committing serious and violent offenses. Reducing Brookins's term of imprisonment at this time would fail to reflect the seriousness of the offense, promote just punishment, afford adequate deterrence, and protect the public.

Accordingly, Brookins's Motion for Compassionate Release (Doc. 95) is **DENIED**. Likewise, Brookins's Motion for the Appointment of Counsel (Doc. 96) is **DENIED** because it is not supported by the interests of justice. See United States v. Webb, 565 F.3d 789, 794–95 & n.4 (11th Cir. 2009) (holding that there is no constitutional or statutory right to counsel in § 3582(c)(2) proceedings and that the decision whether to appoint counsel is subject to the district court's discretion).

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of December, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Defendant